**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Keith Tappe, | No. CV-25-03122-PHX-KML |
| Plaintiff, | **ORDER** |
| v. | |
| Instrulink LLC, et al., | |
| Defendants. | |

Plaintiff Keith Tappe filed this suit to recover unpaid wages. (Doc. 1.) Defendants were served but did not appear and their defaults were entered. (Docs. 6-8, 10.) Plaintiff now seeks default judgment. (Doc. 12.)

The court must consider seven factors when deciding whether to enter default judgment. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). The seven factors are:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Id.* These factors establish default judgment is appropriate.

**1. Possibility of Prejudice**

The first factor regarding the possibility of prejudice to plaintiff supports entry of default judgment because if "default judgment is not granted, plaintiff[] will likely be without other recourse for recovery." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d

1172, 1177 (C.D. Cal. 2002).

### 2. Merits of the Claims and Sufficiency of the Complaint

The second and third factors require assessing the merits of plaintiff's claims and the sufficiency of his complaint. These factors "are often analyzed together and require courts to consider whether a plaintiff has state[d] a claim on which [he] may recover." *Vietnam Reform Party v. Viet Tan - Vietnam Reform Party*, 416 F. Supp. 3d 948, 962 (N.D. Cal. 2019).

Defendant Instrulink LLC is an "industrial plumbing company." (Doc. 1 at 3.) Defendants William Robert Doenges and Judith Ann Doenges are the owners of Instrulink. (Doc. 1 at 4.) From the week of June 23, 2025, to July 18, 2025, plaintiff worked for defendants "performing manual labor related to industrial plumbing." (Doc. 1 at 6-7.) For his final workweek, defendants agreed to compensate plaintiff $325 per day. (Doc. 1 at 7.) That week plaintiff worked three shifts of approximately 12 hours. (Doc. 12-1 at 3.) Based on his rate of pay, plaintiff should have been paid $975.00. Because defendants did not pay plaintiff anything for his final workweek (Doc. 1 at 7), plaintiff alleges claims under federal and state law for unpaid wages.

The complaint contains sufficient factual allegations, accepted as true, to state claims under federal and state law. The second and third default judgment factors support entry of default judgment.

### 3. Amount in Controversy

The fourth default judgment factor "requires that the court assess whether the recovery sought is proportional to the harm caused by defendant's conduct." *Landstar Ranger, Inc. v. Parth Enterprises, Inc.*, 725 F. Supp. 2d 916, 921 (C.D. Cal. 2010). When a large sum is at stake, this factor may weigh against default judgment. *Curtis v. Illumination Arts, Inc.*, 33 F. Supp. 3d 1200, 1212 (W.D. Wash. 2014).

Plaintiff seeks to recover $2,925, representing "fully trebled, unpaid regular wage damages." (Doc. 12-1 at 4.) That amount is calculated from the wages owed to plaintiff and the additions permitted by law. The amount therefore is proportional to the harm

caused by defendants' conduct and this factor supports entry of default judgment

**4. Dispute Over Material Facts**

The fifth factor is whether there are any disputes over material facts. Defendants' decision not to respond to the complaint means there are no such disputes. This factor supports entry of default judgment.

**5. Excusable Neglect**

Defendants were served but chose not to participate. There is no indication defendants' behavior is due to excusable neglect. *See Shanghai Automation Instrument Co. v. Kuei*, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001) (defendants' failure to respond to complaint could not "be attributable to excusable neglect" because "[a]ll were properly served with the Complaint, the notice of entry of default, as well as the papers in support of the instant motion."). This factor supports entry of default judgment.

**6. Policy Favoring Decisions on the Merits**

The seventh factor recognizes a preference for resolving matters on their merits. This factor, as always, weighs against entry of default judgment. "However, the mere existence of Fed.R.Civ.P. 55(b) indicates that this preference, standing alone, is not dispositive." *PepsiCo*, 238 F. Supp. 2d at 1177 (simplified).

**7. Default Judgment is Merited**

Viewed together, the seven factors establish default judgment is appropriate. The final issue is the appropriate amount of damages.

**8. Damages**

It is plaintiff's burden to prove the amount of his damages. *Blumenthal Distrib., Inc. v. Comoch Inc.*, 652 F. Supp. 3d 1117, 1131 (C.D. Cal. 2023). For purposes of Arizona's minimum wage law, plaintiff is owed $529.20 ($14.70 multiplied by 36 hours).[1] Arizona law provides that plaintiff's $529.20 in unpaid minimum wages should be trebled to $1,587.60. A.R.S. § 23-364(G). Arizona law separately provides that plaintiff's unpaid wages of $975 should be trebled to $2,925. A.R.S. § 23-355(A).

---

[1] The federal minimum wage is lower so it can be ignored.

The Arizona Wage Act ("AWA"), A.R.S. § 23-350(3), defines "employer" "much more narrowly" than the Arizona Minimum Wage Act ("AMWA"). *Rosen v. Fasttrak Foods LLC*, No. CV-19-05292-PHX-DWL, 2021 WL 2981590, at *5 (D. Ariz. July 15, 2021). The AWA's more narrow definition of "employer" does not "authorize individual liability against the owners, officers, and directors of a corporate employer in a case where the claim is for the employer's wholesale failure to pay wages." *Id.* This means plaintiff's damages under the AWA can be assessed only against the limited liability companies. By contrast, plaintiff's damages under the AMWA can be assessed against all defendants. The total damages are apportioned as follows:

- Instrulink LLC is liable for $2,925; and
- Instrulink LLC, William Robert Doenges, and Judith Ann Doenges are jointly and severally liable for $1,587.60.

Accordingly,

**IT IS ORDERED** the Motion for Default Judgment (Doc. 12) is **GRANTED**. The Clerk of Court shall enter a judgment of $2,925 against defendant Instrulink LLC. That judgment shall also reflect $1,587.60 of the $2,925 is entered against Instrulink LLC, William Robert Doenges, and Judith Ann Doenges jointly and severally. The Clerk of Court shall close this case.

Dated this 21st day of April, 2026.

**Honorable Krissa M. Lanham**
**United States District Judge**